This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41886**

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

v.

**DOMINIC DE LA O a/k/a
DOMINIC DE LAO,**

　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY
John P. Sugg, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}**　　This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Following a jury trial, Defendant appeals from the district court's judgment and sentence for aggravated fleeing a law enforcement officer and driving while under the influence of drugs. [2 RP 258-63] Defendant contends that the evidence was insufficient to support his two convictions. [BIC 5-8] "[A]ppellate courts review sufficiency of the evidence from a highly deferential standpoint." *State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 (alteration, internal quotation marks, and citation omitted). "All evidence is viewed in the light most favorable to the state, and we resolve all conflicts and make all permissible inferences in favor of the jury's verdict." *Id.* (alterations, internal quotation marks, and citation omitted). "We examine each essential element of the crimes charged and the evidence at trial to ensure that a rational jury could have found the facts required for each element of the conviction beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). "[A]ppellate courts do not search for inferences supporting a contrary verdict or re[]weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the jury." *Id.* (internal quotation marks and citation omitted). We look to the jury instructions to determine what the jury was required to find in order to convict Defendant beyond a reasonable doubt. *See State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 ("The jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (alterations, internal quotation marks, and citation omitted)).

**{3}** The jury instructions for aggravated fleeing a law enforcement officer required the State to prove beyond a reasonable doubt that (1) "[D]efendant operated a motor vehicle"; (2) "[D]efendant drove willfully and carelessly in a manner that endangered or could have endangered the life of another person"; (3) "[D]efendant had been given a visual or audible signal to stop by a uniformed law enforcement officer in an appropriately marked law enforcement vehicle"; (4) "[D]efendant knew that a law enforcement officer had given [D]efendant an audible or visual signal to stop"; and (5) "[t]his happened in New Mexico on or about the 24th day of January 2022." [1 RP 236]

**{4}** According to Defendant's brief in chief, the following material evidence was presented at trial. An officer testified that he witnessed Defendant driving and knew that Defendant had a suspended license at the time. [BIC 1] After verifying that Defendant's license was still suspended, the officer followed Defendant, turned on his lights and sirens, and attempted to conduct a traffic stop. [BIC 1] Rather than stop, Defendant continued to drive. [BIC 1] After Defendant eventually stopped and pulled over on the side of the road, the officer parked his car and got out. [BIC 1] Defendant then "took off again." [BIC 1]

**{5}** The officer continued to pursue Defendant through Alamogordo. [BIC 1-2] Defendant drove over the speed limit while the officer pursued on a frontage road and through city streets. [BIC 1-2] Another car on the frontage road swerved to avoid being hit by Defendant, and a separate officer was forced to swerve to avoid Defendant after Defendant approached the officer "head on." [BIC 1-2] While pursued, Defendant entered two busy intersections while Defendant had a red light. [BIC 2]

**{6}** The pursuing officer eventually lost sight of Defendant after Defendant turned onto a residential street because Defendant "was driving at least 45 miles per hour" and "it was too dangerous; it was a residential area; there's people there." [BIC 2] Defendant's car was found a few minutes later still running but without Defendant inside. [BIC 3] Defendant was then found in front of his home, where Defendant spoke with slurred speech and "appeared to be under the influence of something." [BIC 3] Defendant admitted that he did not initially stop because he took a prescription medication, knew that the medication affected his ability to drive, and knew that he was not supposed to drive under its influence. [BIC 3] Knowing this, Defendant decided to flee from the police. [BIC 3] Later at the police station, Defendant was unable to maintain his balance and unable to complete the administered field sobriety tests. [BIC 3]

**{7}** Defendant contends that there was insufficient evidence to support his conviction for aggravated fleeing a law enforcement officer because the officer testified that he did not look at his speedometer and there were other possible explanations for why the other car may have swerved. [BIC 7] But it was for the jury to resolve any conflicts and determine the weight and credibility of the testimony. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. We do not reweigh the evidence, and we may not substitute our judgment for that of the fact-finder, as long as there is sufficient evidence to support the verdict. *State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156.

**{8}** Defendant additionally contends that the evidence was insufficient because he did not cause an accident while driving. [BIC 7] But the State was not required to prove beyond a reasonable doubt that Defendant caused an accident. Rather, the State was only required to prove that "[D]efendant drove willfully and carelessly in a manner that endangered or could have endangered the life of another person." [1 RP 236] *See State v. Vest*, 2021-NMSC-020, ¶ 28, 488 P.3d 626 ("The social harm proscribed by the Legislature in the aggravated fleeing statute is conduct, not a particular result.").

**{9}** Viewing this evidence in the light most favorable to the State, resolving all conflicts and making all permissible inferences in favor of the jury's verdict, we conclude that there was sufficient evidence to support the jury verdict beyond a reasonable doubt that Defendant committed aggravated fleeing a law enforcement officer. *See Slade*, 2014-NMCA-088, ¶ 13.

**{10}** Defendant also challenges the sufficiency of the evidence for his conviction for driving while under the influence of drugs. The jury instructions required the State to prove beyond a reasonable doubt that (1) "[D]efendant operated a motor vehicle"; (2) "[a]t that time, [D]efendant was under the influence of drugs to such a degree that [D]efendant was incapable of safely driving a vehicle"; and (3) "[t]his happened in New Mexico on or about the 24th day of January, 2022." [1 RP 237] Defendant contends that there was no way for a jury to know how impaired Defendant was after taking his prescription medication without a blood test. [BIC 8] As outlined above, Defendant admitted to driving while under the influence of prescription drugs, knew that he was not

allowed to drive while taking the medication, fled from officers because of his knowledge that he was not supposed to drive while taking the medication, and was unable to complete the administered field sobriety tests. Defendant additionally drove in a manner that endangered others while fleeing law enforcement officers. Viewing the evidence in the light most favorable to the State, we conclude this evidence is sufficient to sustain Defendant's conviction for driving while under the influence of drugs. *See Slade*, 2014-NMCA-088, ¶ 13.

**{11}**   Based on the foregoing, we affirm Defendant's convictions.

**{12}   IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**